UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AGAPITO NAVOR, JR.,

Petitioner,

v.

TIMOTHY O'DELL,

Respondent.

Civil No. 00-2585 (MJD/SRN)

**ORDER**

Petitioner, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, has filed an application for habeas corpus relief under 28 U.S.C. § 2241. However, contrary to the requirements of Rule 2(c) of The Rules Governing Section 2254 Cases in the United States Districts Courts and Local Rule 9.3, Petitioner has not submitted his petition on the form prescribed for use in this District.[1] Because Petitioner has not complied with the applicable Rules, the Court is unable to identify each individual ground for relief that Petitioner is attempting to advance or the factual and legal basis for each such ground. Petitioner has also failed to provide certain information about his prior criminal proceedings, which is elicited by the petition form in order to determine whether the request for habeas relief can properly be entertained and granted.

Because Petitioner has not met the requirements of the applicable Rules, his petition will be returned to him pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States Districts Courts. The Clerk will be directed to provide Petitioner

[1] Although Petitioner is seeking relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may still be applied to his petition. See Rule 1(b).

FILED JAN - 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

with a copy of the prescribed form, and Petitioner will be granted an opportunity to file an Amended Petition on that form. Each individual claim for relief that he seeks to present in his Amended Petition must be clearly identified as a separate ground for relief on the petition form. If Petitioner fails to submit an Amended Petition by February 9, 2001, it will be recommended that the action be dismissed without prejudice for failure to prosecute.

Petitioner may file a memorandum in support of his Amended Petition, (if he chooses to file one), but any such memorandum should only explain the claims that are specifically listed in the Amended Petition itself. Any claim for relief appearing only in a memorandum, and not listed in the Amended Petition itself, will not be considered.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original habeas corpus petition (Docket No. 1) to Petitioner, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2241.

2. The Clerk shall retain a copy of the original petition in the Court file, as required by Rule 2(e).

3. Petitioner shall have until February 9, 2001, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and shall set forth, accurately and completely, all of the information that is required by that form and the Rules of this Court. Petitioner may submit a separate memorandum setting forth

legal arguments in support of his claims, but each individual claim for relief must be specifically identified on the face of the Amended Petition itself.

4. If Petitioner fails to comply with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: January 9, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge