UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AGAPITO NAVOR, JR., Civil No. 00-2585 (MJD/SRN)

Petitioner,

v. **REPORT AND RECOMMENDATION**

TIMOTHY O'DELL,

Respondent.

---

Agapito Navor, Jr., CCA/Diamondback Correctional Facility, P.O. Box 780, Watonga, Oklahoma, 73772-0780, Petitioner, pro se.

Bryan C. Yee, Deputy Attorney General, Department of the Attorney General of the State of Hawaii, Kekuanaoa Building, Room B-2, 465 South King Street, Honolulu, Hawaii, 96813, for Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the amended petition of Agapito Navor, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Respondent has filed a return, (Docket No. 14), contending that the petition should be dismissed on the merits. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). As discussed more fully below, the Court concludes that Petitioner's application for habeas corpus relief cannot be granted, because Petitioner is not currently being held in custody by anyone located in

---

[1] Petitioner's original habeas corpus petition was returned to him pursuant to Rule 2 of the Rules Governing Section 2254 Cases In The United States District Courts, because it was not submitted on the habeas corpus petition form prescribed for use in this District. Petitioner was given an opportunity to file an amended petition, and he did so in a timely manner. Therefore, it is Petitioner's amended habeas corpus petition, (Docket No. 3), that is now before the Court.

APR 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

this District. It will therefore be recommended that Petitioner's amended habeas corpus petition be DISMISSED AS MOOT.

## I. BACKGROUND

In 1992, Petitioner was convicted in a Hawaii state court for several state criminal offenses, including unlawful imprisonment, making terroristic threats, burglary and manslaughter. He received a lengthy prison sentence,[2] and was committed to the custody of Hawaii's state Director of Public Safety. Petitioner apparently served the first several years of his prison term in a Hawaii correctional facility. In November 1998, however, he was transferred, involuntarily, to the Prairie Correctional Facility, ("PCF"), a privately-operated prison located in Appleton, Minnesota. Petitioner was confined at PCF when he commenced this action, and when he filed the amended habeas corpus petition that is now before the Court.

Petitioner is not presently challenging his Hawaii criminal conviction or sentence; he is challenging his transfer to PCF. He claims that his transfer was illegal, and that the Warden at PCF, Respondent Timothy O'Dell, has no legal authority to detain him at PCF. He is not asking to be transferred to another prison; nor is he asking for any changes to the conditions of his confinement. Instead, he is seeking an outright release from custody, based on his belief that he cannot legally be confined at PCF.

Sometime after Petitioner filed his amended habeas corpus petition, he was transferred from PCF to a prison located in Watonga, Oklahoma. As far as the Court can

---

[2] Petitioner was originally sentenced to an aggregate prison term of 26 years. However, part of his original sentence was vacated on appeal, (see State v. Navor, 920 P.2d 372 (Haw.App. 1996)), and it appears that his prison term ultimately was reduced to ten years.

tell, Petitioner is still incarcerated in Oklahoma at this time, and there is no reason to believe that he will return to Minnesota. Because neither Petitioner, nor his current custodian, is located in here in Minnesota, the Court finds that Petitioner cannot be granted habeas corpus relief in this District.

## II. DISCUSSION

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).

> "'The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer. It does not reach the former except through the latter. The officer or person who serves it does not unbar the prison doors, and set the prisoner free, but the court relieves him by compelling the oppressor to release his constraint. The whole force of the writ is spent upon the respondent."

Id. at 495, quoting In the Matter of Jackson, 15 Mich. 417, 439-440 (1867), (quoted with approval in Ex parte Endo, 323 U.S. 283, 306 (1944)).

Applying these principles here, the Court finds that no habeas corpus relief can be granted to Petitioner in this District, because he presently has no custodian in this District. Even if Petitioner's habeas claims were found to have merit, (notwithstanding Respondent's persuasive arguments to the contrary[3]), no writ of habeas corpus could be entered against

---

[3] The grounds for relief listed in Petitioner's habeas corpus application are essentially the same as those presented by other Hawaiian prisoners confined at PCF who have sought habeas relief in this District. In one of those cases, Abordo v. O'Dell, Civil No. 00-2147 (DWF/FLN), the District Court Judge dismissed the petitioner's claims on the merits, and the Eighth Circuit Court of Appeals upheld that dismissal. Abordo v. O'Dell, No. 01-2296 (8th Cir. 2001), 23 Fed.Appx. 615, 2001 WL 1529746 (unpublished opinion). In light of the Court of Appeals' decision in Abordo, it is clear that if Petitioner's current habeas claims could be entertained here, they all would be dismissed on the merits.

the named Respondent, PCF's Warden O'Dell, because he no longer has any custodial authority over Petitioner. Indeed, there is no indication that anyone in the State of Minnesota has any custodial relationship to Petitioner at this time. Because Petitioner presently has no Minnesota custodian, the Minnesota District Court cannot grant any relief to Petitioner by writ of habeas corpus.

It should be noted that Petitioner could not help himself by amending his petition (again) to name his current custodian as the respondent in this matter, because his current custodian is not located in Minnesota. Our District Court could not enter a writ of habeas corpus directed to any person located outside of Minnesota, even if such a person were named as respondent, because "the court issuing the writ [must] have jurisdiction over the custodian." Braden, 410 U.S. at 495. See also 28 U.S.C. § 2241(a) (authorizing federal district courts to grant writs of habeas corpus only "within their respective jurisdictions"); United States v. Knight, 638 F.2d 46, 47 (8th Cir. 1981) (per curiam) ("[t]o issue a writ of habeas corpus, a district court must have jurisdiction over the petitioner's custodian").

Where a habeas petitioner's custodian is not located within the district court's territorial jurisdiction, the court lacks personal jurisdiction over the custodian, and cannot issue a writ directed to him or her. Hogan v State of Iowa, 952 F.2d 224, 225 (8th Cir. 1991) (per curiam) ("since neither petitioner nor his Nevada custodian was within the State of Iowa, a federal court sitting in Iowa lacked in personam jurisdiction to entertain Hogan's habeas petition or to grant him habeas relief"). In this case, our District Court cannot direct a writ of habeas corpus to anyone in Oklahoma, (or anywhere else outside of Minnesota), who might now be Petitioner's custodian, because no non-Minnesotan custodian is subject to personal jurisdiction in this District.

There is one final point that warrants some brief discussion. While a habeas petitioner's custodian must be present in the forum district, the petitioner himself does not have to be within the district. Braden, 410 U.S. at 495 ("[s]o long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, even if the prisoner himself is confined outside the court's territorial jurisdiction"). Therefore, if a prisoner is confined in a particular district when he files his petition, and he is later transferred somewhere outside of that district, the transfer alone will not cause the petition to become moot, if the petitioner still has a custodian in the district in which the petition was filed.

For example, in Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981), a prisoner of the State of Missouri filed a habeas petition in the Western District of Missouri challenging his state court criminal conviction. After his petition was filed, he was transferred to a prison in Iowa to serve his Missouri sentence. Because the prisoner was still subject to the custodial authority of Missouri state officials, (id. at 692, n. 5), the Court of Appeals concluded that his transfer to Iowa did not cause the Western District of Missouri to lose jurisdiction. The Court's ruling in Weeks is consistent with the holding of Braden, (i.e., that habeas jurisdiction is tied to the location of the custodian, not the petitioner), because the prisoner was still subject to Missouri's custodial authority even after he was moved to Iowa.[4]

---

[4] Our Court of Appeals also followed Braden in McCoy v. United States Board of Parole, 537 F.2d 962 (8th Cir. 1976). There, a federal prisoner confined in Nebraska filed a habeas petition in the federal district court for the Western District Court of Missouri, challenging actions taken by the United States Board of Parole. The Missouri Court transferred the case to Nebraska, because the petitioner was confined there when he filed his action. However, the Court of Appeals concluded that the petition had been properly

The instant case is readily distinguishable from Weeks, because Petitioner here is no longer subject to any custodial authority of any individual or entity located in Minnesota. Petitioner is not being held or detained by anyone in Minnesota; he apparently is not wanted for, or charged with, any crime by anyone in Minnesota; and he is not subject to any conditions of probation, parole or supervised release imposed by anyone in Minnesota. Because Petitioner is no longer subject to any custodial claim by anyone located in Minnesota, his transfer, unlike the transfer in Weeks, has resulted in a loss of jurisdiction.

## III. CONCLUSION

As a result of Petitioner's transfer to Oklahoma, there is no one in Minnesota -- neither the named Respondent nor anyone else -- who can be regarded as Petitioner's custodian, and who can therefore be compelled to act by a writ of habeas corpus. Furthermore, our District Court cannot grant a writ of habeas corpus directed to anyone who currently does have custodial authority over Petitioner, because no such person is located in this District. Because there is no one in Minnesota to whom this District Court can properly direct a writ of habeas corpus for Petitioner's benefit, it will be recommended that this case be dismissed as moot.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

---

filed in the Western District of Missouri, (even though the petitioner was confined in Nebraska), because the Board of Parole was "one of his custodians for purposes of habeas corpus jurisdiction," and the Board had a "sufficient 'presence'" in the Western District of Missouri to furnish habeas jurisdiction in that district. Id. at 965.

Petitioner's amended petition for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 3), be DISMISSED AS MOOT.

Dated: April 3, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.